UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRUCK INSURANCE EXCHANGE, | : | |
|   Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:06CV1060(AVC) |
| | : | |
| CHERIE SPADA; and | : | |
| ALISON YERING, | : | |
|   Defendants. | : | |

### **RULING ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is an action for a declaratory judgment. It is brought pursuant to 28 U.S.C. § 2201.[1] The plaintiff, Truck Insurance Exchange ("Truck"), seeks a declaration that it is under no duty to defend or indemnify its insured, the pro se defendant, Cherie Spada, for any claims arising out of a physical altercation between Spada and one Alison Yering.[2]

Truck has moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), arguing that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. Spada has not filed a memorandum in opposition to Truck's motion.

The issue presented is whether the altercation between Spada

---

[1] Title 28 of the United States Code, section 2201, provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201.

[2] Yering, also a defendant, has not appeared in this action. Accordingly, on February 12, 2007, upon Truck's motion, the court rendered default judgment against her.

and Yering was an "occurrence" covered by the insurance policy in question.

For the reasons set forth hereafter, the court concludes that the altercation was not an occurrence as defined under the terms of the policy. The motion for summary judgment (document no. 23) is therefore GRANTED.

**FACTS:**

Examination of the complaint, pleadings, Local Rule 56 statements, and exhibits accompanying the motion for summary judgment discloses the following undisputed, material facts.

Truck issued a homeowners insurance policy to one Scott Spada, the husband of the defendant, Cherie Spada. Under the terms of that policy:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which this coverage applies, [Truck] will . . . [p]ay up to our limit of liability for the damages for which the "insured" is legally liable . . . and [p]rovide a defense. . . .

The policy defines the term "insured" as "you and residents of your household who are . . . [y]our relatives. . . ." Further, the policy defines the term "occurrence" as "an accident . . . which results . . . in . . . bodily injury. . . ." The policy was in effect from May 11, 2005, until December 6, 2005.

On May 28, 2005, Cherie Spada and some friends were patrons at Rookies Sports Bar and Grill in Cromwell, Connecticut. At approximately 11:00 p.m., as Spada was preparing to exit the bar,

one of Spada's friends, one Tina Nanfito, informed her that a stranger was confronting another of Spada's friends, one Christina Finnerty. Specifically, Nanfito told Spada that "some girl was bothering [Finnerty] and that she was yelling at her and saying things to her and whatnot."

Spada "got very upset, because . . . [Finnerty] had just had a baby, . . . [and is] not the kind of person that normally anybody would ever harass." Spada asked Nanfito for a description of the woman harassing Finnerty. Nanfito indicated that the woman was wearing a green shirt.

Spada returned to the bar and found a woman, one Alison Yering, who was wearing a green shirt and standing near Finnerty. Spada approached Yering and punched her in the face. Spada then left the bar with her friends.

When asked at her deposition whether she would "characterize this as an accidental punch," Spada replied, "No." Further, when asked whether "it [was] something she intended to do," Spada replied, "Yes."

On May 2, 2005, Yering filed a complaint against Spada in Connecticut superior court. The complaint alleges, <u>inter</u> <u>alia</u>, that Spada attacked Yering "with the intention of putting [Yering] in apprehension of imminent and serious bodily harm." Further, the complaint alleges that Spada "intended to touch and did in fact touch the person of [Yering] in a manner offensive

3

and harmful to [Yering]." In incorporating these allegations, the complaint sets forth causes of action against Spada for assault, battery, and negligent infliction of emotional distress.

On July 11, 2006, Truck filed the complaint in the present action, seeking a declaratory judgment that Truck owes no duty to defend or indemnify Spada with respect to those claims arising from her altercation with Yering.

### **STANDARD:**

The court appropriately grants summary judgment when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id., at 247-48.

"It is the function of the court to construe the provisions of the insurance contract and, if no material facts are at issue,

4

the question of whether coverage exists is a question of law that is appropriately decided on a motion for summary judgment." Peerless Ins. Co. v. Disla, 999 F. Supp. , 261, 263 (D. Conn. 1998) (citing Jurrius v. Maccabees Mut. Life Ins. Co., 587 F. Supp. 1301, 1305 (D. Conn. 1984)).

## DISCUSSION:

Truck now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Although Truck concedes that Spada is an insured under the policy, it nevertheless contends that it owes no duty to defend or indemnify her because the altercation with Yering does not constitute an "occurrence" under the policy. Specifically, Truck argues that "[c]overage under . . . Spada's homeowners policy is barred . . . because Ms. Yering predicates her claims on intentional conduct." Spada has not filed a response to Truck's motion.[3]

"The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." Moore v. Continental Cas. Co., 252 Conn. 405, 409, 746 A.2d 1252 (2000) (citing Flint v. Universal Machine Co., 238

---

[3] Truck also argues that it is not bound to defend or indemnify Spada because of various exclusions provided for in the policy. As Truck is entitled to summary judgment on other grounds, the court does not address the merits of these arguments.

5

Conn. 637, 646, 679 A.2d 929 (1996)). "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Moore, 252 Conn. at 409 (citing Schwartz v. Stevenson, 37 Conn. App. 581, 585, 657 A.2d 244 (1995)). However, "the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct actually was covered by the policy." DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 688, 846 A.2d 849 (2004) (citations omitted). Accordingly, "[b]ecause the duty to defend is significantly broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify." Id. (quotations omitted).

It is well settled that coverage does not extend to an insured's intentional torts where, as here, under the terms of the policy, coverage is triggered by an "occurrence," and an "occurrence" is defined as an "accident." Commercial Contractor's Corp. v. American Ins. Co., 152 Conn. 31, 42, 202 A.2d 498 (1964). This is because the "term 'accident' is to be construed in its ordinary meaning of an 'unexpected happening.'" Id.

In the action underlying the present case, Yering's complaint alleges assault and battery, both predicated on Spada intentionally striking Yering in the face. Because Yering's complaint alleges that Spada intentionally struck Yering, these

actions as alleged could not have been an accident, and therefore cannot constitute an occurrence under the policy. Accordingly, because the policy only covers injuries caused by an occurrence, Yering's assault and battery allegations do not trigger Trucks' duty to defend Spada.

Yering's complaint also alleges that when Spada struck Yering, she negligently inflicted emotional distress upon her. Such an averment to negligence is not enough, however, to trigger an insurer's duty to defend, because "conduct cannot reasonably be determined to have been both intentionally and negligently tortious." DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 693, 846 A.2d 849 (2004) (quotations omitted). "Intentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive." Id. (quotations omitted). Accordingly, "[w]hether an insurer is obligated to defend an insured is determined by the facts in the underlying complaint, and not the titles assigned to the particular causes of action." Nationwide Mut. v. Mazur, CV 980489231S, 1999 Conn. Super. LEXIS 1533, *15-16 (June 3, 1999) (citing Flint v. Universal Machine Co., 238 Conn. 637, 646, 679 A.2d 929 (1996)); see United Nat'l Ins. Co. v. Tunnel, Inc., 988 F.2d 351, 354 (2d Cir. 1993).

In the underlying complaint, although Yering gives one of her causes of action the title "negligent infliction of emotional

7

distress," the facts alleged in support of this claim are the same facts alleged in support of her assault and battery claims. Specifically, Spada attacked Yering "with the intention of putting [Yering] in apprehension of imminent and serious bodily harm," and further, "intended to touch and did in fact touch the person of [Yering] in a manner offensive and harmful to [Yering]." These actions do not amount to an accident, and therefore, do not constitute an "occurrence" under the terms of the insurance policy. As such, because the policy only covers injuries caused by an occurrence, Yering's negligent infliction of emotional distress cause of action does not trigger Trucks' duty to defend Spada.

Further, as Truck is not duty bound to defendant Spada against Yering's complaint, it follows that Truck is not duty bound to indemnify Spada. See DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 688, 846 A.2d 849 (2004) (holding that "[b]ecause the duty to defend is significantly broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify.") (quotations omitted).

Accordingly, as there are no material facts in dispute and Truck is entitled to judgment as a matter of law, the motion for summary judgment is GRANTED.

**CONCLUSION:**

For the foregoing reasons, the motion for summary judgment (document no. 23) is GRANTED. The court declares that the plaintiff, Truck Insurance Exchange, is under no duty to defend or indemnify the defendant, Cherie Spada, in a state superior court action filed against her by her co-defendant, Alison Yering.

It is so ordered this <u>10th</u> day of July, 2007, at Hartford, Connecticut.

                                                                _____/s/_____
                                                                 Alfred V. Covello
                                                                 United States District Judge